# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JORDAN M. TATE,

            Plaintiff,

v.

MILWAUKEE POLICE DEPARTMENT CRIMINAL INVESTIGATION BUREAU and CITY OF MILWAUKEE,

            Defendants.

Case No. 22-CV-1083-JPS

**ORDER**

On September 19, 2022, Plaintiff Jordan Tate ("Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. He alleges that Defendants Milwaukee Police Department Criminal Investigation Bureau and the City of Milwaukee ("Defendants") violated his civil rights. ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepaying the filing fee, ECF No. 2. This Order screens Plaintiff's complaint, finding it to be non-justiciable in federal court. The Court will, accordingly, dismiss this action without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepaying the filing fee.[1]

---

[1] On September 26, 2022, a letter sent by the Clerk of Court to Plaintiff was returned as undeliverable with no forwarding address. ECF No. 4. It is every litigant's duty to keep the Court up to date as to his address to ensure that he does not miss a filing. *See Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020). The Court notes that Plaintiff's failure to provide an accurate mailing address could serve as an independent basis for dismissal of the action. *See* Civ. L.R. 41(c) (authorizing dismissal of claims when "it appears to the Court that the Plaintiff is not diligently prosecuting the action"); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).

1.  **MOTION TO PROCEED IN FORMA PAUPERIS**

    A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis. Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

    In making such a request, a pro se litigant must submit an affidavit including a statement of all assets possessed by the litigant as well as stating the nature of the action and the affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a). In order to qualify to proceed in forma pauperis, the pro se litigant need not be "absolutely destitute." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). In forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972).

    In his motion for leave to proceed without prepaying the filing fee, Plaintiff avers that he is unemployed and has not received any income for the last 12 months. ECF No. 2 at 1. He indicates he is not "unable to work due to case" and that his ability to pay his living expenses has been impacted by "the accused parties detention threats and Warrant." *Id.* at 2.

His only listed assets are $400 in a bank account. *Id*. The Court accepts that Plaintiff is indigent. However, the inquiry does not end there; the Court must also screen the action to determine whether it can proceed.

**2.   SCREENING STANDARD**

A court may screen a pro se complaint prior to service on defendants to determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims on which relief can be granted. *See Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 Fed. Appx. 356, 357 (7th Cir. 2008). When a plaintiff requests leave to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). If the court finds any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.*

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016)

(internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak,* 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3. **RELEVANT ALLEGATIONS**

Plaintiff's complaint is difficult to decipher and includes more legal conclusions and jargon than factual allegations, but the Court gleans the following accusations. Plaintiff avers that "Milwaukee Police" (presumably a reference to the Defendant he has named, Milwaukee Police Department Criminal Investigation Bureau) "ha[s] and maintain[s] records" pertaining to Plaintiff and his "real property." ECF No. 1 at 2. He states that he is "African American" and was "targeted by the police department" and "named for accusations of acts, errors or omissions which led to the death of another African American." *Id.* at 3.

The "act" in question appears to be that "a nightclub or location was allowed to run without proper insuring and licensing for quite some time and as a result someone lost their lives." *Id.* Apparently, Defendants have

Page 4 of 9
Case 2:22-cv-01083-JPS   Filed 10/13/22   Page 4 of 9   Document 5

attributed this loss of life to Plaintiff. *Id.* Plaintiff quotes language from the Administrative Procedures Act's judicial review provision, 5 U.S.C. § 706, and references "records accuracy laws," and seemingly seeks to take issue with Defendants' "creat[ion of] a file and records which created and are creating liability for Plaintiffs jointly and severally." *Id.* at 5–6. Plaintiff further accuses Defendants of violating his First Amendment rights by accusing him "without abundant and convincing evidence with the hopes of scaring [him] into going along with accusations . . . [or] using mass hysteria to sway public opinion toward accusing [him]." *Id.* at 6.

In terms of remedies, Plaintiff seeks declaratory and injunctive relief, and invalidation of Defendants' action against him. *Id.* at 7–8. He additionally seeks that the Court examine "the transaction" and an exhibit which he has attached to his complaint. *Id.* at 7. The referenced exhibit is related to Milwaukee County Circuit Court case number 2022CF00781. ECF No. 1-4 at 1. This filing is styled as a "notice of immediate interlocutory appeal of the implied denial" of his "motion to quash process & recall the arrest &/or body attachment warrant(s) for reason of the dismissibility of the underlay & overlay case." *Id.* at 1. Plaintiff challenges the Milwaukee County court's failure to act on Plaintiff's motion to quash and appears to challenge the legal basis for his arrest and prosecution. *Id.* at 2–5. Plaintiff signed and dated the filing on September 12, 2022. *Id.* at 7.

4. **ANALYSIS**

Plaintiff seeks relief that the Court is not empowered to grant. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions," as a matter of "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 45–46 (1971). "The *Younger*

Page 5 of 9
Case 2:22-cv-01083-JPS   Filed 10/13/22   Page 5 of 9   Document 5

attributed this loss of life to Plaintiff. *Id.* Plaintiff quotes language from the Administrative Procedures Act's judicial review provision, 5 U.S.C. § 706, and references "records accuracy laws," and seemingly seeks to take issue with Defendants' "creat[ion of] a file and records which created and are creating liability for Plaintiffs jointly and severally." *Id.* at 5–6. Plaintiff further accuses Defendants of violating his First Amendment rights by accusing him "without abundant and convincing evidence with the hopes of scaring [him] into going along with accusations . . . [or] using mass hysteria to sway public opinion toward accusing [him]." *Id.* at 6.

In terms of remedies, Plaintiff seeks declaratory and injunctive relief, and invalidation of Defendants' action against him. *Id.* at 7–8. He additionally seeks that the Court examine "the transaction" and an exhibit which he has attached to his complaint. *Id.* at 7. The referenced exhibit is related to Milwaukee County Circuit Court case number 2022CF00781. ECF No. 1-4 at 1. This filing is styled as a "notice of immediate interlocutory appeal of the implied denial" of his "motion to quash process & recall the arrest &/or body attachment warrant(s) for reason of the dismissibility of the underlay & overlay case." *Id.* at 1. Plaintiff challenges the Milwaukee County court's failure to act on Plaintiff's motion to quash and appears to challenge the legal basis for his arrest and prosecution. *Id.* at 2–5. Plaintiff signed and dated the filing on September 12, 2022. *Id.* at 7.

4. **ANALYSIS**

Plaintiff seeks relief that the Court is not empowered to grant. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions," as a matter of "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 45–46 (1971). "The *Younger*

doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assoc., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010).

The face of the complaint suggests, and the attached exhibit confirms,[2] that Plaintiff's complaint asks the Court to intervene in a pending state prosecution. Specifically, Plaintiff requests that the Court enjoin the "use . . . of records formed by the Defendants" and review the exhibit he has attached to his complaint, which he has styled as an "interlocutory appeal" of the state court's denial of his motion to quash. *See* ECF No. 1 at 6–7. The attached exhibit explicitly references a criminal case number, which the Wisconsin Circuit Court Access Program website reveals to be an active criminal case, filed in February 2022 and for which there is an outstanding warrant for Plaintiff's arrest. *See* Milwaukee County Circuit Court Case No. 2022CF00781, *available at* https://wcca.wicourts.gov. Plaintiff is being prosecuted for three counts of reckless homicide.

Plaintiff has several theories for why his prosecution is improper and warrants this Court's intervention. He alleges Defendants have prosecuted him in violation of his First Amendment rights. ECF No. 1 at 6. He appears to allege either that Defendants are relying on erroneous or falsified records in pursuing charges against him, or have purposefully prosecuted him without a sufficient legal basis to do so. *Id.* These claims may implicate the Fourteenth Amendment's Due Process Clause or the Fourth Amendment's

---

[2] The Court will consider the document attached to Plaintiff's complaint and referenced therein, *see* ECF No. 1 at 7, as part of his allegations in support of his claims under section 1983. *See Williamson v. Curran*, 714 F.3d 432, 435–36 (7th Cir. 2013) (holding that a district court may consider documents attached to the complaint and relied upon by a plaintiff in support of his claims as part of the complaint).

prohibition on arrests not supported by probable cause. Plaintiff additionally makes reference to his race, which hints at a claim under the Fourteenth Amendment's Equal Protection Clause. However, none of these theories would allow the Court to intervene; a plaintiff may not skip ahead to raise arguments in federal court that he has an opportunity to raise in his state criminal proceeding. *See Younger*, 401 U.S. at 49. Plaintiff may still raise these arguments in his state court proceeding, but the Court will decline to hear them at this time.

The bad faith prosecution exception to *Younger* abstention does not allow Plaintiff's claim to proceed. A district court may still hear a case that *Younger* may otherwise bar if the plaintiff can produce specific evidence "that the parallel state proceeding was brought in bad faith" or for purposes of harassment. *Berrada Props. Mgmt. Inc. v. Romanski*, No. 20-CV-1872-BHL, 2022 WL 2238895, at *4–5 (E.D. Wis. June 22, 2022) (citing *Grandco Corp. v. Rochford*, 526 F.2d 197, 203 (7th Cir. 1976)). The bar to meet this standard is high—conclusory allegations of bad faith are not enough, and neither is "evidence [that] is primarily adverbial and adjectival . . . and grounded in a subjective sense of aggrievement." *Id.* Plaintiff's claim alleges a vague scheme by Defendants to use or falsify records in a way that implicates him in criminal conduct. This evinces Plaintiff's dissatisfaction with being prosecuted, but does not convince the Court that his prosecution is taken in bad faith or that *Younger*'s bar to jurisdiction is overcome.

Similarly, Plaintiff's request that the Court address his "interlocutory appeal" of the state court's inaction on his motion to quash is beyond the Court's power. "[T]he inferior federal courts generally do not have the power to exercise appellate review over state court decisions." *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509 (7th Cir. 1996) (discussing

Page 7 of 9
Case 2:22-cv-01083-JPS   Filed 10/13/22   Page 7 of 9   Document 5

*Rooker-Feldman* doctrine). This extends to interlocutory appeals that would "circumvent the prescribed mode of appellate review." *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003) (declining on *Rooker-Feldman* grounds to hear litigant's federal appeal of adverse state court ruling on service of process). Here, Plaintiff is dissatisfied that the Milwaukee County Circuit Court did not, or has not yet, issued a ruling on his motion to quash. The state court may have had a good reason not to do so: Plaintiff filed that motion to quash *pro se* while he was still represented by a public defender *See* July 17, 2022 and August 8, 2022 docket entries in Milwaukee County Circuit Court Case No. 2022CF00781, *available at* https://wcca.wicourts.gov. Regardless of the state court's reason for not (or not yet) issuing a ruling on the motion, this Court is not in a position to take an appeal from Plaintiff on a state court decision that can be appealed to the Wisconsin Court of Appeals.

## 5. CONCLUSION

For the reasons stated herein, Plaintiff's complaint fails to state a claim on which the Court can grant relief, and this action will be dismissed accordingly. The dismissal will operate without prejudice. *See Berrada Prop.*, 2022 WL 2238895, at *5 (finding that a district court's decision to abstain on *Younger* grounds is "the rough equivalent of a finding of the absence of subject matter jurisdiction"); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (holding that dismissal for lack of subject matter jurisdiction is without prejudice). Because the Court is obliged to dismiss this action, Plaintiff's motion for leave to proceed in forma pauperis will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.